IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

C. JORSCH                                                          PLAINTIFF

V.                          Case No. 4:26-CV-00334-KGB-BBM

DEXTER PAYNE                                                       DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.      DISCUSSION

On April 6, 2026, Brunson Roberts, an inmate in the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"), filed a two-page "Motion to Receive Legal Supplies" that was docketed as a *pro se* Complaint under 42 U.S.C. § 1983. (Doc. 1). Roberts named several of his fellow inmates, including C. Jorsch, as Plaintiffs. *Id.* at 1. Pursuant to the Court's usual practice, an individual case was opened for each inmate. This Recommendation addresses Jorsch's case only.

By Order dated April 7, 2026, Jorsch was informed that a case was opened on his behalf. (Doc. 2). Because Jorsch did not file a motion to proceed *in forma pauperis* ("IFP Motion") or pay the required filing fee, he was directed to file a completed IFP Motion or pay the $405 filing and administrative fees within 30 days if he wanted to proceed with this case. (Doc. 2 at 3–4). Jorsch was further directed to file an amended complaint on the court-approved form. *Id.* at 2; *see* LOCAL RULE 9.1. The Order directed the Clerk's office to mail Jorsch a blank IFP Motion and ordered ADC officials to assist Jorsch in completing the necessary IFP forms. *Id*. at 3–4. The April 7 Order also informed Jorsch of his duty, under Local Rule 5.5(c)(2), to diligently prosecute his case and cautioned Jorsch that, if he failed to timely comply with the Order, his case would be dismissed without prejudice. *Id*. at 1, 4.

Specifically, under Local Rule 5.5(c)(2), Jorsch has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently. Additionally, Local Rule 5.5(c)(2) provides that, if any communication from the Court to a *pro se* plaintiff, like Jorsch, is not responded to within 30 days, the case may be dismissed without prejudice. *Id*.

Jorsch's deadline to file an IFP Motion or pay the $405 filing and administrative fees and to file an amended complaint on the court-approved form has passed. Thus, Jorsch has failed to comply with the Court's April 7, 2026 Order. Accordingly, because Jorsch has not provided the information necessary to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(a)(1)–(2), or paid the filing and administrative fees, 28 U.S.C. § 1914, it is recommended that this case be dismissed without prejudice.

## II.    CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.    Jorsch's Complaint, (Doc. 1), be DISMISSED without prejudice for failure to prosecute.

2.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 12th day of May, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3